MAXIMILIAN J. L. TOWLER AND OTHERS, RESPONDENTS, *v.* BLANCHE TOWLER, APPELLANT.

*Deed — reservation by a grantor of a "power" to devise or convey a part of the premises to any future wife — if the "power" is not exercised the prospective beneficiary acquires no rights thereunder.*

A father, who was a widower, conveyed to his children, as tenants in common, certain premises, reserving a life estate, and further "the power to devise" one-third of the premises for life to any future wife, or to any person, in trust for her, or (at his option) to deed to her, or to anyone, in trust for her, one-third of the premises for her life. He subsequently married Blanche Towler and died, without having devised or deeded to his wife, who survived him, or to anyone, in trust for her, any interest in the premises.

In proceedings taken by his children, under section 1638 of the Code of Civil Procedure, to compel a determination of the claim of Blanche Towler to the property, it was

*Held*, that the reservation in regard to his future wife was nothing more than the reservation of a right to grant or devise the premises to her in the manner stated. which right he might or might not exercise at his pleasure.

That it created no power in trust, nor any trust of which Blanche Towler could compel the execution in equity.

That the word "power," as used in the deed, meant no more than right, liberty or privilege.

APPEAL by the defendant Blanche Towler from a judgment of the Supreme Court, entered, after a trial by the court at the Monroe Special Term, in the office of the clerk of the county of Ontario on the 9th day of May, 1892, deciding. that Blanche Towler had no estate in the premises described in the complaint, and that the plaintiffs had a present estate in fee in possession therein.

This was a proceeding taken by the children of John Towler, deceased, under section 1638 of the Code of Civil Procedure, to compel a determination as to the claim of Blanche Towler to certain real property which had been owned by John Towler, the father, and had been conveyed during his lifetime, when a widower, and prior to his marriage to Blanche Towler to his children, by whom this proceeding was taken.

*Arthur P. Rose*, for the appellant.

*Charles A Hawley*, for the respondents.

MACOMBER, J.:

John Towler, the father of the plaintiffs, Maximilian J. L. Towler, Agnes B. P. Morgan and Caroline L. Smith, did, on the 20th day of June, 1881, execute and deliver to these, his children, a deed of certain real estate in the village of Geneva, N. Y., containing the following habendum and reservation clauses :

"To have and to hold the above-granted premises unto them, the parties of the second part, their heirs and assigns, as tenants in common, and not as joint tenants, subject only to the reservations hereinafter stated."

"Reserving to the party of the first part an estate in said granted premises for and during the term of his natural life, so that the estate hereby granted to the parties of the second part shall only vest in possession upon the death of the party of the first part."

"And further reserving to the party of the first part the power to devise by last will and testament an undivided one-third part of said premises unto any hereafter taken wife of him, the party of the first part, for and during the term of her natural life, or (at his option) to give and grant by deed to said hereafter taken wife, or to any person in trust for her, the same undivided third part of said premises for and during the term of her natural life, * * * and the said John Towler, the above-granted premises in quiet and peaceable possession of the parties of the second part, their heirs and assigns will warrant and forever defend, subject only to the reservations herein-above expressed."

After the date and delivery of this deed, and on the 6th day of August, 1881, the grantor, John Towler, intermarried with the defendant, Blanche Towler. He died on the 2d day of April, 1889, without having exercised the right reserved by him to convey, either by deed or will, to his subsequently taken wife a life estate in one-third of said premises.

The learned justice, in his decision, has held that the power reserved in this deed to devise or to convey to any after-taken wife, or to some person in trust for such wife, an undivided one-third part of the premises for life, was a special power in trust; and that the execution of such power was imperative upon the decedent, and that the same, if valid, would be enforced in equity. But he further held that such limitation of a life estate might operate to suspend

the power of alienation for a period longer than two lives in being at the time of the execution of the deed, and that, consequently, such a life estate to an after-taken wife was void.

An ingenious and subtle argument, covering much of the learning relating to trusts and trust powers, has been addressed to us by the learned counsel for the appellant, designed to show that this reservation was a power in trust, and that it was also capable of being enforced in equity, and was not obnoxious to the criticism placed upon it by the learned trial justice in his decision and in his opinion.

But, as we view this deed, no complex question of the nature above outlined exists in the case. The deed is plain. The reservation was a mere reservation of a right which the grantor might or might not exercise, at his pleasure, to grant or devise to any wife which he might thereafter take a life estate in one-third of the premises. We are unable to see that the language of this instrument conveys any other thought than a well-expressed intention on the part of the grantor to reserve to himself absolute control over that part of the estate, and that there is nowhere apparent any purpose on his part to obligate himself to carry out any trust power for the benefit of any person. We can see no distinction between this reservation, as expressed in the deed, relating to what he might choose to bestow upon a wife subsequently married by him, and the reservation by the same deed of a life estate in himself with the exclusion of the grantees from a possession of the premises until the grantor's death. The word "power" used in this deed, manifestly, was not technically used with a view to the provisions of our Revised Statutes relating to uses, trusts and powers. It was, on the contrary, used in the sense of right, liberty or privilege.

If this be correct, it follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment appealed from affirmed, with costs.